IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLIE DEFRIES, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| MSB TRADE INC., et al., | § § | Civil Action No. 3:25-cv-00567-M |
| *Defendants,* | § § § | |
| v. | § § | |
| AMAZON.COM, INC., | § § § | |
| *Garnishee.* | § | |

**GARNISHEE'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO GARNISHEE'S MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND WRIT OF GARNISHMENT**

Garnishee Amazon.com, Inc. ("Amazon") hereby replies to Plaintiff Kellie DeFries' ("Plaintiff") Response in Opposition to Amazon's Motion to Dismiss and Response to Plaintiff's Motion for Leave to Amend Writ of Garnishment ("Response") [ECF Doc. 12].

## I.   PROCEDURAL HISTORY

In Plaintiff's Response to Amazon's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) ("Motion to Dismiss"), Plaintiff argues that (1) this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(3); (2) Amazon's "procedural objections" to the Writ do not warrant dismissal; and (3) reference to 28 U.S.C. § 3205 in the Writ is wrong, yet harmless, and does not affect the validity of the Writ.[1] Plaintiff's arguments misstate Plaintiff's allegations of jurisdiction

---

[1] Plaintiff's Response also requests leave to amend the Application for Writ of Garnishment to identify the correct Amazon entity after Amazon's counsel identified the correct entity for Plaintiff's counsel. Amazon does not oppose leave to amend the Application for Writ of Garnishment to identify the correct Amazon entity.

1

in her Application and the procedural history (including the Court's orders).  On February 24, 2025, Plaintiff filed its Application for Writ of Garnishment.  *See* ECF Doc. 1.  Plaintiff's Application alleged that the Court had subject matter jurisdiction in accordance with 28 U.S.C. §§ 1331 and 1338(a), i.e. federal question jurisdiction.  *See id*., ¶ 1.  Plaintiff's Application made no reference to 28 U.S.C. § 3205, which is the statute applicable to a writ executed by the United States.  *See* ECF Doc. 1.

On July 3, 2025, the Court granted in part Plaintiff's Application, requiring a writ "to be issued" to Amazon and requiring Amazon to answer within 10 days of service of the Writ.  *See* ECF Doc. 8.  The Court's order did not reference 28 U.S.C. § 3205.  *See id.* After receiving the Court's Order, Amazon advised Plaintiff that she needed to seek a writ as directed by the Order, and after receipt of a writ executed by the Clerk, Amazon would timely respond.

On November 10, 2025, Plaintiff filed her Request for Clerk to Issue Writ of Garnishment, requesting a writ to be issued pursuant to 28 U.S.C. § 3205.  *See* ECF Doc. 9.  This is the first reference in the record of 28 U.S.C. § 3205.  Plaintiff submitted a proposed writ [ECF Doc. 9-1] with its request, which the Clerk issued [ECF Doc. 10].  Within 10 days of service of the Writ, Amazon filed its Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim, requesting the Court dismiss Plaintiff's Application because (1) Plaintiff's alleged basis for

---

Although the conversations identified by Plaintiff do not relate to the substance of Amazon's Motion to Dismiss, Amazon is required to address these conversations to correct the record and preserve its right to substantively respond to any appropriate writ of garnishment served by Plaintiff. After filing the Motion to Dismiss, Amazon's counsel conferred with Plaintiff's counsel regarding the Motion to Dismiss and Plaintiff's failure to identify the correct Amazon entity for this garnishment proceeding, Amazon Payments, Inc.  Amazon's counsel stated that Amazon cannot adequately respond to the defective Writ served by Plaintiff; however, if the Writ were directed at the appropriate entity and was purged of the defects identified in the Motion to Dismiss, Amazon could substantively respond in accordance with Texas law.  Amazon's counsel never represented that amendment of the Writ to identify the proper entity would "resolve this dispute" [ECF Doc. 12, ¶¶ 12, 15] or "resolve Amazon's objections," especially since Amazon's objections are to jurisdiction and failure to state a claim. If the correct Amazon entity received a proper Writ, that Amazon entity will respond accordingly. However, the Writ, as it currently stands, is defective.

jurisdiction is inapplicable and (2) Plaintiff fails to state a claim for which relief can be granted because 28 U.S.C. § 3205 is inapplicable to Amazon. *See* ECF Doc. 11.

Based on the procedural history, Amazon submits the following succinct reply to Plaintiff's three arguments in her Response.

## II.   REPLY

**A.   Plaintiff's Application does not allege diversity jurisdiction, requiring dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).**

Plaintiff's Application alleged federal question jurisdiction; it did not allege diversity jurisdiction as a basis for the Court's subject matter jurisdiction. *See* ECF Doc. 1, ¶ 1. Despite this failure to allege diversity jurisdiction, Plaintiff's first allegations of diversity jurisdiction are contained in her Response. *See* ECF Doc. 12, ¶¶ 22-27. Failure to allege the basis for diversity jurisdiction in the Application mandates dismissal. *See Choice Hospice, Inc. v. Axxess Technology Solutions, Inc.*, 774 F.Supp.3d 799, (N.D. Tex. 2024) (quoting *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020)).

**B.   The Writ's reference to 28 U.S.C. § 3205 requires dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) in light of Plaintiff's admission that it is not applicable to this proceeding.**

Initially, Plaintiff does not dispute that she failed to state a claim under 28 U.S.C. § 3205. Plaintiff states that "Amazon is correct that § 3205 and Chapter 176 of Title 28 provide 'the exclusive civil procedures *for the United States*.'" *See* ECF Doc. 12, ¶ 29. Plaintiff then states she "does not rely on § 3205 as the source of her garnishment rights." *See id.* This admission is a stark contrast to the Writ requested by Plaintiff in her request to the Clerk for the writ to issue. *See* ECF Doc. 9.

Even after Plaintiff's admission of the inapplicability of 28 U.S.C. § 3205, Plaintiff argues that Amazon waived its right to complain (or presents with unclean hands to complain) about the

Writ that was issued referencing 28 U.S.C. § 3205 because it failed to respond to the Court's Order, which did not reference 28 U.S.C. § 3205. This confusing argument makes little sense when coupled with Plaintiff's initial argument that § 3205 is inapplicable here. If it is inapplicable, Amazon could not waive its right to complain about its inclusion by Plaintiff in the Writ she requested to be issued by the Clerk. Despite these contradictory arguments, Amazon will address each in turn.

        **1.       The reference to 28 U.S.C. § 3205 does not support the Writ.**

Plaintiff argues that she does not rely on 28 U.S.C. § 3205 as the source of her garnishment rights and that the identification of the inapplicable provisions of Federal Debt Collection Procedures Act was erroneous and "harmless." If the reference was erroneous, the Court should not consider the reference to this statute to support the Writ.[2]

Plaintiff's attempt to characterize the reference to 28 U.S.C. § 3205 as "harmless" ignores the plain fact that Plaintiff attempted to build its garnishment argument on this statute. For instance, the Writ contains recitals that Amazon "has not filed any objection or motion within the time allowed by 28 U.S.C. § 3205(c)(5)." *See* ECF Doc. 10, p. 1. The Writ as issued imposes "obligations" on Amazon "pursuant to 28 U.S.C. § 3205(c)." *See id.*, pp. 3-4. The Writ also imposes time deadlines to each judgment debtor "[p]ursuant to 28 U.S.C. § 3205(c)(3)(B)." *See id.*, p. 4. While the reference to 28 U.S.C. § 3205 may be harmless to Plaintiff, the Writ, as it currently stands, imposes inappropriate obligations on Amazon and could cause confusion for any judgment debtor served with the Writ. This Writ should be dissolved because Plaintiff does not have a basis to claim relief under 28 U.S.C. § 3205.

---

[2] The Writ issued by the Clerk identifying obligations and rights under 28 U.S.C. § 3205 is perplexing because Plaintiff's Application does not reference 28 U.S.C. § 3205. In essence, Plaintiff obtained a Writ she did not request from the Court, requiring the Court to dissolve the current Writ.

4

**2.     Amazon did not delay in responding to the Writ.**

Plaintiff's Response wordsmiths the Court's Order Granting in Part Plaintiff's Application for Writ of Garnishment ("Order") [ECF Doc. 8]. Plaintiff argues that Amazon somehow presents to the Court an unclean hands argument because it chose to "sit on its hands for weeks rather than answer the Court's Order." ECF Doc. 12, ¶ 43. The Court's Order created no obligations for Amazon to answer. Instead, based on the plain language of the Order, a Writ of Garnishment was "to be issued" to Amazon, and ordered Amazon to answer "within 10 days of service of this Writ of Garnishment." *See* ECF Doc. 8, ¶¶ 1-2. The Order was not itself a writ of garnishment. Amazon was not required to respond to the Court's Order. Instead, Amazon was required to respond to the subsequently issued Writ [ECF Doc. 10] which Amazon did within ten days of service of the Writ [ECF Doc. 11].

Plaintiff next argues that to the extent Amazon believed the Writ cited the wrong statute, the proper course was to timely answer and "not to ignore the Order entirely." *See* ECF Doc. 12, ¶ 43. The Order does not reference 28 U.S.C. § 3205. The first mention of 28 U.S.C. § 3205 is contained in Plaintiff's Request for Clerk to Issue Writ of Garnishment. *See* ECF Doc. 9. Regardless, Amazon followed the proper procedure identified by the Court and properly responded to the Writ of Garnishment after it was issued and served on Amazon. As a result, Amazon did not waive its right to object to seek dismissal under Rule 12(b)(6).

### III.     PRAYER

For the reasons discussed herein and in its Motion to Dismiss, Garnishee Amazon.com, Inc. respectfully requests that the Court (1) dismiss Plaintiff Kellie DeFries' Application for Writ of Garnishment and dissolve the Writ of Garnishment for lack of subject-matter jurisdiction, and (2) in the alternative, dismiss Plaintiff Kellie DeFries' Application for Writ of Garnishment and

dissolve the resulting Writ of Garnishment for failure to state a claim upon which relief may be granted, and for such other relief to which it is justly entitled.

Dated: December 31, 2025                           Respectfully submitted,

                                                */s/ Leland C. de la Garza*
                                               Leland C. de la Garza
                                               State Bar No. 05646600
                                               Jesse F. Beck
                                               State Bar No. 24097356
                                               **HALLETT & PERRIN, P.C.**
                                               1445 Ross Avenue, Suite 2400
                                               Dallas, Texas 75202
                                               (214) 922-4164 – Telephone
                                               (214) 922-4142 – Facsimile
                                               ldelagarza@hallettperrin.com
                                               jbeck@hallettperrin.com

                                               **ATTORNEYS FOR GARNISHEE**
                                               **AMAZON.COM, INC.**

## CERTIFICATE OF SERVICE

      On December 31, 2025, I filed this motion with the clerk of court for the U.S. District Court for the Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                */s/ Jesse F. Beck*
                                               Jesse F. Beck