**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KELLIE DEFRIES,** | § | |
| | § | |
| Plaintiff | § | |
| | § | **Case No. 3:25-cv-00567-M** |
| *versus* | § | |
| | § | |
| **AMAZON.COM, INC.,** | § | |
| | § | |
| Garnishee. | § | |

*Pursuant to Local Rule 7.2(f), portions of this brief were prepared using generative artificial intelligence to assist in drafting legal arguments and formatting. If the presiding judge so directs, Plaintiff is prepared to disclose the specific portions generated using artificial intelligence.*

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

**I.    CLARIFICATION OF PLAINTIFF'S POSITION**

1.      Plaintiff's Response [ECF 12] was styled as both a Response in Opposition to Garnishee's Motion to Dismiss *and* a Motion for Leave to Amend. This structure was intentional. Plaintiff's *primary* position is that Amazon's Motion to Dismiss should be denied on the merits—diversity jurisdiction exists under 28 U.S.C. § 1332(a)(3), and the erroneous reference to 28 U.S.C. § 3205 is harmless surplusage that does not defeat garnishment properly brought under Fed. R. Civ. P. 69(a)(1) and Texas law. Plaintiff's request for leave to amend was raised *in the alternative*—i.e., if the Court were inclined to find merit in Amazon's procedural objections, Plaintiff requested leave to cure any defects rather than suffer dismissal.

2.      Amazon's Reply focuses on the alternative request for leave to amend while not meaningfully engaging with Plaintiff's substantive arguments on the merits. Amazon's papers focus on jurisdiction and the statutory citation issue, not on whether garnishment would be

available if a proper writ issues to the proper entity. Because Amazon does not oppose leave to amend, the Court can grant the motion without reaching the remaining dismissal arguments.

## II.    ARGUMENT

### A.    Amendment Will Cure the Defects Amazon Identifies

3.    Amazon does not oppose leave to amend. ECF 13, n.1. Amazon acknowledges that if "the correct Amazon entity received a proper Writ, that Amazon entity will respond accordingly." *Id.* Plaintiff's proposed Amended Application will (1) name Amazon Payments, Inc. as the garnishee, (2) properly allege diversity jurisdiction under 28 U.S.C. § 1332(a)(3), and (3) proceed exclusively under Fed. R. Civ. P. 69(a)(1) and Texas law without reference to 28 U.S.C. § 3205. This cures the defects Amazon identifies.

4.    An amended pleading supersedes the original and renders it of no legal effect. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Upon the filing of an amended application, Amazon's Motion to Dismiss—which is directed at the original application—will be directed at a superseded pleading. The Court should therefore grant leave to amend and deny the Motion to Dismiss as moot or without prejudice.

### B.    Leave Should Be Freely Granted Under Rule 15(a)(2) and 28 U.S.C. § 1653

5.    Leave should be freely given to cure defective jurisdictional allegations and correct the garnishee entity. Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave when justice so requires." Section 1653 expressly permits amendment of defective allegations of jurisdiction: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Amazon identifies no prejudice from amendment—indeed, it does not oppose the amendment. ECF 13, n.1.

6.      None of the factors weighing against amendment is present here. There has been no undue delay—Plaintiff promptly sought amendment after learning through counsel's conference that Amazon Payments, Inc. is the appropriate entity. There is no bad faith or dilatory motive—Plaintiff has diligently pursued collection of her judgment. Amendment will not prejudice Amazon—to the contrary, Amazon expressly does not oppose amendment. And amendment is not futile—Amazon acknowledges it will "respond accordingly" to a proper writ. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) (leave to amend should be granted "unless there is a substantial reason to deny it").

**C.      Alternatively, the Court Should Deny the Motion to Dismiss on the Merits**

7.      Should the Court reach the merits of Amazon's Motion to Dismiss, Plaintiff respectfully incorporates by reference her arguments in ECF 12 at ¶¶ 20–44. In brief: (1) diversity jurisdiction exists under 28 U.S.C. § 1332(a)(3) because Plaintiff is a citizen of California, Amazon is a citizen of Delaware and Washington, the judgment debtors are foreign citizens, and the amount in controversy exceeds $75,000; (2) the reference to 28 U.S.C. § 3205 in the Writ is harmless surplusage that does not defeat garnishment properly brought under Fed. R. Civ. P. 69(a)(1) and Texas law; and (3) Amazon's failure to timely respond to the Court's July 3, 2025 Order undercuts its claim of prejudice from any alleged procedural irregularity.

**III.    CONCLUSION**

8.      Amazon does not oppose leave to amend. The Court should grant Plaintiff's Motion for Leave to Amend, and upon the filing of the Amended Application, deny Amazon's Motion to Dismiss as moot or without prejudice. In the alternative, if the Court reaches the merits, Plaintiff respectfully requests that the Court deny Amazon's Motion to Dismiss for the reasons stated in ECF 12.

9.    WHEREFORE, Plaintiff respectfully requests that this Court:

(a)    Grant Plaintiff's Motion for Leave to Amend the Application for Writ of
       Garnishment;

(b)    Deny Amazon's Motion to Dismiss as moot, without prejudice, or in the
       alternative, deny the Motion on the merits;

(c)    Direct the Clerk to issue an amended Writ of Garnishment upon Plaintiff's
       filing of the Amended Application; and

(d)    Grant such other relief as the Court deems just and proper.


Respectfully submitted,


/Brandon J. Leavitt/
**Brandon James Leavitt**

**LEAVITT ELDREDGE LAW FIRM**
4204 SW Green Oaks Blvd, Suite 140
Arlington, TX 76107

(214) 727-2055
brandon@uslawpros.com

**ATTORNEY FOR PLAINTIFF**