IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLIE DEFRIES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-567-N |
| | § | |
| MSB TRADE INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendant Amazon.com, Inc.'s ("Amazon") motion to dismiss [11].  The Court grants the motion and grants Plaintiff Kellie DeFries leave to amend.

### I. ORIGINS OF THE MOTION

This is a garnishment case.  The Court previously entered a final default judgment against thirty defendants, awarding damages for willful infringement of a patent registered to DeFries.  *DeFries v. MSB Trade Inc., et al*, 2024 WL 3641740 at *1–2 (N.D. Tex. 2024).  The Clerk of Court then issued a writ of garnishment to Amazon for funds held by Amazon that are payable to the defaulting Defendants.  Writ of Garnishment [10].  Amazon now moves to dismiss the writ.

### II. RULE 12(B)(1) LEGAL STANDARD

Under Rule 12(b)(1), a party may move for dismissal of a complaint on the grounds that the court lacks jurisdiction over the subject matter of the complaint.  FED. R. CIV. P. 12(b)(1).  In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts

ORDER – PAGE 1

evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

### III.  THE COURT GRANTS THE MOTION

Federal courts do not have ancillary jurisdiction over any garnishment based on its jurisdiction over the underlying claims. *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 774 F. Supp. 3d 799, 803 (N.D. Tex. 2024) (concluding a plaintiff must plead subject matter jurisdiction in her application for a writ of garnishment).

Neither of DeFries's pleadings under sections 1331, which establishes federal question jurisdiction or 1338(a) confers jurisdiction. Pl.'s Appl. For Writ of Garnishment [1]; *see also* 28 U.S.C. §§ 1331, 1338(a). First, DeFries cannot rely on the jurisdiction of the underlying lawsuit because it does not confer jurisdiction on this Court for her garnishment action. *Choice Hospice*, 774 F. Supp. 3d at 803. Furthermore, section 1338(a) confers original jurisdiction on any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. 28 U.S.C. § 1338(a). DeFries's post-judgment writ of garnishment does not concern intellectual property governed by section 1338(a) because post-judgment writs are governed by state law. *Choice Hospice*, 774 F. Supp. 3d at 803. The Court concludes that it lacks subject matter

ORDER – PAGE 2

jurisdiction over DeFries's writ of garnishment.  Accordingly, the Court grants the motion to dismiss.[1]

CONCLUSION

The Court grants Amazon's motion to dismiss the writ of garnishment without prejudice.  DeFries is granted leave to file an amended application for writ of garnishment within thirty (30) days of this Order.  If DeFries does not amend her application, the Court will dismiss this action with prejudice without further notice.

Signed May 12, 2026.

David C. Godbey
Senior United States District Judge

---

[1] Amazon also moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim.  Def.'s Mot. Br. 5–6.  Because the Court has concluded that jurisdiction is not proper under Rule 12(b)(1), the Court need not reach these arguments.  *See Ramming v. United States*, 281 F.3d at 161.

ORDER – PAGE 3